

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07cr108-BR

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) MEMORANDUM OF PLEA AGREEMENT |
| Triad Industrial Technology, Inc., | ) |

The United States of America ("United States"), by and through the United States Attorney for the Eastern District of North Carolina ("USA-EDNC"), and the Defendant, with the concurrence of the Defendant's Attorney, Robert H. Hale, Jr., have agreed that the above-captioned case should be concluded in accordance with this Memorandum of Plea Agreement as follows:

1. This Memorandum constitutes the full and complete record of the Plea Agreement. There are no other agreements between the parties in addition to or different from the terms herein.

2. The Defendant agrees:

   a. To waive indictment and plead guilty to the Criminal Information herein.

   b. To make restitution to United States Army, Public Works Business Center, in the amount of $141,765.97. Said restitution shall be due and payable upon day of sentencing.

c. To waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

d. To waive all rights, whether asserted directly or through a representative, to request or receive from the United States any records pertaining to the investigation or prosecution of this matter, except as provided in the Federal Rules of Criminal Procedure. This waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

e. To assist the United States in the recovery and forfeiture of any assets which facilitated and/or were required through unlawful activities, including

2

all such assets in which the Defendant has any interest or control. The Defendant further agrees to sign any documents necessary to effectuate the forfeiture and waives any further notice. In addition, the Defendant forfeits and otherwise waives any ownership right in all items seized during the investigation of the acts alleged in the Criminal Information. The Court has jurisdiction over the disposition of such items and may order the investigative agency to dispose of the items in such manner as provided by the agency's regulations. Forfeited firearms may be ordered destroyed.

f. To pay a special assessment of $400.00 pursuant to the provisions of 18 U.S.C. § 3013. The assessment shall be paid by the Defendant at sentencing. The Defendant or Defendant's counsel shall provide a check in payment of the said assessment directly to the Clerk, U.S. District Court/EDNC.

g. To complete and submit, if requested, a financial statement under oath to the Office of the USA-EDNC no later than two weeks after the entry of the guilty plea.

h. Whenever called upon to do so by the United States, Defendant will take reasonable steps to facilitate

3

access to, and encourage the cooperation of, individual current and former employees from whom non-privileged testimony or information is sought in their individual capacities. Defendant agrees to encourage such individuals to cooperate with the United States, and will neither punish nor take any adverse action against any employee or former employee for providing such cooperation.

i. That, without limiting the foregoing, Tamyra T. Carpenter (Carpenter) will, whenever called upon to do so by the United States(1) disclose fully and truthfully in interviews with Government agents information concerning all conduct related to the Criminal Information and any other crimes of which the Defendant or Carpenter has knowledge, and (2) to testify fully and truthfully in any proceeding. These obligations are continuing ones. The Defendant agrees that all of these statements can be used against the Defendant at trial if the Defendant is allowed to withdraw the guilty plea.

i. If Carpenter provides false, incomplete, or misleading information or testimony, this would constitute a breach of this Agreement by the Defendant, and the Defendant and Carpenter shall be

4

subject to prosecution for any federal criminal violation. Any information provided by the Defendant or Carpenter may be used against the Defendant and/or Carpenter in their respective prosecutions.

j. That Carpenter will submit to a polygraph examination whenever requested by the Office of the USA-EDNC. The results of these examinations will be admissible <u>only</u> at the Defendant's sentencing, and at any hearing as to whether there has been a breach of this agreement. The United States may rely on these results in determining whether the Defendant has fulfilled any obligation under this Agreement.

k. That Defendant will not file for voluntary bankruptcy protection within 90 days after making the payments of fines, restitution, and assessments described above.

3. The Defendant understands, agrees, and admits:

a. That as to the Criminal Information to which the Defendant is pleading guilty, the charge, code section, elements, and applicable penalties are as follows:

(1) Larceny of Government Property (Over $1000)

(2) Code section violated: 18 U.S.C. §641

5

(3) Elements:

> First: Beginning in or about August 2002, and continuing up to and including December 2003, the defendant, knowingly or without authority;
>
> Second: embezzled, stole, purloined or converted to his use or without authority sold, conveyed or disposed;
>
> Third: anything of value of the United States or any department or agency thereof;
>
> Fourth: property in an amount of value in excess of the sum of $1000.00.

(4) Maximum term of imprisonment: [not applicable]

(5) Minimum term of imprisonment: none

(6) Maximum term of supervised release: [not applicable]

(7) Maximum term of imprisonment upon revocation of supervised release: [not applicable]

(8) Maximum term of probation for a corporation:
5 years pursuant to USSG §8D1.2(a)(1).

(9) Minimum term of probation for a corporation:
1 year pursuant to USSG §8D1.2(a)(1)

(10) Maximum fine: $ 250,000

(11) Restitution pursuant to 18 U.S.C. §§ 3663 and 3663A, and as agreed to in Paragraph 2.b. above.

(12) Special assessment: $ 400

b. That the Court will take into account, but is not bound by, the applicable United States Sentencing Guidelines, that the sentence has not yet been determined by the Court, that any estimate of the

6

sentence received from any source is not a promise, and that even if a sentence up to the statutory maximum is imposed, the Defendant may not withdraw the plea of guilty.

c. Subject to the Court's approval of this Plea Agreement, the Defendant will pay a criminal fine established by the Court in full at the time the plea is entered. Failure to pay such fine will subject Defendant to additional criminal and civil penalties pursuant to 18 U.S.C. §§ 3611-14.

4. The United States agrees:

a. That it reserves the right to make a sentence recommendation.

b. That the USA-EDNC will not further prosecute the Defendant for conduct constituting the basis for the Criminal Information; however, this obligation is limited solely to the USA-EDNC and does not bind any other state or federal prosecuting entities.

c. That if the Defendant complies with the terms of this Plea Agreement, the promise not to prosecute referred to above shall extend to Carpenter.

d. That it will make known to the Court at sentencing the full extent of the Defendant's cooperation, but the United States is not promising to move for

7

departure pursuant to U.S.S.G. §5K1.1, 18 U.S.C. § 3553(e), or Fed. R. Crim. P. 35.

e. Pursuant to U.S.S.G. §1B1.8, that self-incriminating information provided by the Defendant or its employees pursuant to this Agreement shall not be used against the Defendant in determining the applicable Guideline range, except as provided by §1B1.8 and except as stated in this Agreement. The United States will not, however, withhold from the United States Probation Office any evidence concerning relevant conduct.

g. That the USA-EDNC agrees not to share any information provided by the Defendant pursuant to this Agreement with other state or federal prosecuting entities except upon their agreement to be bound by the terms of this Agreement.

5. Any failure by Defendant or Carpenter to provide full and complete cooperation as described above will constitute a breach of this Plea Agreement and will empower the United States to seek to set aside the Plea Agreement and to pursue all possible violations by the Defendant and any of its officers or employees. Statements made by employees of the Defendant that are otherwise admissible shall be admissible notwithstanding Fed. R. Crim. P. 11,

8

and Fed. R. Evid. 408, and 410. All leads derived from such statements may be used against the Defendant and/or Carpenter.

6. The Defendant's undersigned representative is duly authorized by the Corporations to enter into this agreement.

7. The parties agree to the following positions as to the below-listed sentencing factors only, which are not binding on the Court in its application of the advisory Guideline range; provided that if Defendant's conduct prior to sentencing changes the circumstances with respect to any such factors, the United States is no longer bound to its positions as to those factors:

   a. None of the factors listed in U.S.S.G. §§5K2.0 through 5K2.14 are applicable to warrant any upward or downward departure from the advisory Guideline range.

   b. A downward adjustment of 3 levels for acceptance of responsibility is warranted under U.S.S.G. §3E1.1.

[the remainder of this page is intentionally left blank]

9

This, the 30 day of August, 2006.

GEORGE E.B. HOLDING
Acting United States Attorney

TRIAD INDUSTRIAL TECHNOLOGY, Inc.
Defendant

BY: SAMANTHA T. SHOELL
Special Assistant U.S. Attorney

ROBERT H. HALE, JR.
Attorney for the Defendant

APPROVED, this 4 day of June, 2006.

UNITED STATES DISTRICT JUDGE

10